UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

AHIXZA PEGUERO,

    Plaintiff,

v.

NOVA SOUTHEASTERN UNIVERSITY, INC.,
a Florida corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, AHIXZA PEGUERO (hereinafter, "Plaintiff"), by and through her undersigned attorney hereby sues Defendant, NOVA SOUTHEASTERN UNIVERSITY, INC. (hereinafter, "Defendant"), under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act, §§760.01-760.11, Florida Statutes (2012), and would say:

## JURISDICTION AND VENUE

1. This is an action for damages based on unlawful employment practices committed by Defendant, and jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §§ 1331, 1343, and 1367; and Title VII of the Civil Rights Act of 1964 §706(f) (42 U.S.C. §2000e-5(f)).

2. The employment practices hereafter alleged to be unlawful took place in Fort Lauderdale, Broward County, Florida.

3. Plaintiff was/is a citizen of the United States, and was/is a resident of Broward County, Florida during the course of her employment with Defendant. She is over the age of eighteen and otherwise sui juris.

4. Plaintiff is a biracial (Dominican and Lebanese) woman, and a member of a class protected under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act.

5. Defendant is a corporation, organized and existing under the State of Florida.

6. Venue for this action is proper in this Court as the claims alleged occurred within the Southern District of Florida (Broward County).

7. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

8. Plaintiff's charge was filed within 300 days after the unlawful employment practice occurred. Plaintiff brought a charge of discrimination based on national origin, race, and gender against Defendant.

9. Plaintiff was issued a Notice of Right to Sue on October 30, 2012. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

## GENERAL ALLEGATIONS FOR ALL COUNTS

11. Plaintiff's employment with Defendant commenced on February 26, 2001. Plaintiff was hired as a University Call Center Trainer.

12. Plaintiff was promoted several times throughout her employment, and ultimately held the position of Director of Enrollment Processing Services and Admissions Management Services.

13. On or about April 7, 2010, Plaintiff received a poor performance evaluation from her supervisor, Dr. Stephanie Brown (Black, Female), Associate Vice President of Enrollment Student Services.

14. In that evaluation, Dr. Brown attacked Plaintiff's communication and interpersonal skills, and noted that Plaintiff needed to be more "sensitive to her staff." Plaintiff later learned that members of her staff were complaining about her "management style." At no time did Dr. Brown present Plaintiff with these allegations from her staff, or otherwise seek Plaintiff's response to the allegations.

15. Plaintiff discovered that Roy Valdes (Hispanic, Male) was asking fellow co-workers to complain about Plaintiff and make false allegations about her management style. This came after Plaintiff issued Mr. Valdes, a written warning in July 2009 and a final warning in February 2010.

16. Plaintiff requested proof of these allegations from Dr. Brown and also asked for frequent follow-up and feedback regarding these alleged problems. However, Dr. Brown refused to meet any of Plaintiff's requests.

17. On July 19, 2010, Dr. Brown issued a Final Warning to Plaintiff, complete with an Improvement Plan. The Final Warning discussed the same issues as the annual evaluation. As part of the Improvement Plan, Plaintiff had to fulfill several requirements, all of which Plaintiff indeed fulfilled. In addition, Dr. Brown was to meet with Plaintiff on a bi-weekly basis to provide feedback. Dr. Brown failed to fulfill this requirement.

18. On or about January 27, 2012, Plaintiff received another annual evaluation. This evaluation was untimely and/or delinquent because Defendant failed to conduct Plaintiff's 2011 annual review. This review, again conducted by Dr. Brown, cited Plaintiff's inability to communicate effectively with her staff.

19. In response, Plaintiff advised Defendant that she had not received any feedback regarding the 2010 evaluation, and that Dr. Brown had not spoken to Plaintiff about any deficiencies in Plaintiff's communication or leadership style. Plaintiff requested proof of the complaints from her subordinates, but received none.

20. About a month later, Plaintiff was issued a Termination of Employment letter by Dr. Brown. This letter stated that Plaintiff had continued deficiencies in the areas of interpersonal skills, management/leadership style and the ability to communicate effectively.

21. Plaintiff denied again, and continues to deny, that she was anything but an effective leader and maintains that she communicated with her staff in a professional, ethical, and respectful manner.

22. From the time Plaintiff received her first negative evaluation in April 2010 until the time she was terminated in February 2012, Plaintiff was neither given the opportunity to be heard by Dr. Brown or any other supervisor, nor otherwise evaluate the veracity of the purported allegations from which she stood accused.

## COUNT ONE:
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (RACE)

23. Plaintiff re-avers and re-states paragraphs 1–22, above, as though the same were fully re-written herein, and says:

24. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against her because Plaintiff was terminated without good cause and on the basis of her race (Hispanic).

25. During the relevant period (April 2010 through February 2012), Dr. Brown together with Arnetta Pierce (Black, Female) of Human Resources worked on investigating Plaintiff and gathering the necessary documents and peer evaluations to terminate Plaintiff.

26. Dr. Brown terminated Plaintiff on February 27, 2012 based on accusations which were not properly investigated. She did not allow Plaintiff to offer explanation or otherwise defend herself against these complaints.

27. Plaintiff complained about Ms. Pierce's involvement in this situation because it was clear Dr. Brown and Ms. Pierce were friends and were working together to terminate Plaintiff.

5

28. By comparison, David Lee (Caucasian, male), Executive Director of Enrollment Student Services, visibly lacked effective communication skills and had poor leadership skills. There were also complaints made to Human Resources about him and his unethical behavior. He was not terminated.

29. Etta Fleisher (Caucasian, female), Director of ESS Human Resources also lacked effective communication, leadership and management skills, and failed to treat her staff with respect/dignity. However, no adverse action was taken against her.

30. Plaintiff's termination was a direct and proximate result of Dr. Brown's prejudice against Hispanic Directors.

31. Plaintiff's race was a motivating factor in Dr. Brown's decision to terminate Plaintiff in February 2012.

32. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

33. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Also, Plaintiff believes that Defendant through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Dr. Brown and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff AHIXZA PEGUERO requests that:

a. The Court grant Plaintiff judgment award Plaintiff judgment against Defendants to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

b. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT TWO:
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
## (NATIONAL ORIGIN)

34. Plaintiff re-avers and re-states paragraphs 1–22, above, as though the same were fully re-written herein, and says:

35. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against her because Plaintiff was terminated without good cause and on the basis of her national origin (Dominican/Lebanese).

36. Dr. Brown terminated Plaintiff on February 27, 2012 based on accusations which were not properly investigated. She did not allow Plaintiff to offer explanation or otherwise defend herself against these complaints.

37. By comparison, David Lee (Caucasian, male), Executive Director of Enrollment Student Services, visibly lacked effective communication skills and had poor leadership skills. There were also complaints made to Human Resources about him and his unethical behavior. He was not terminated.

38. Etta Fleisher (Caucasian, female), Director of ESS Human Resources also lacked effective communication, leadership and management skills, and failed to treat her staff with respect/dignity. There were complaints made to Human Resources about her unethical and unprofessional behavior, but these complaints did not result in termination.

39. Plaintiff's national origin was a motivating factor in Defendant's decision to terminate Plaintiff on February 27, 2012.

40. Plaintiff's termination was a direct and proximate result of Dr. Brown's prejudice against Dominican/Lebanese Directors.

41. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

42. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Also, Plaintiff believes that Defendant through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Dr. Brown and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff AHIXZA PEGUERO requests that:

a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendants to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

b) The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT THREE:
## VIOLATION OF THE CIVIL RIGHTS ACT (SEX)

43. Plaintiff re-avers and re-states paragraphs 1–22, above, as though the same were fully re-written herein, and says:

44. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against her because Plaintiff was terminated without good cause and on the basis of her sex (female).

45. Roy Valdes, a Hispanic male, encouraged Plaintiff's subordinates to make false accusations and complaints to Human Resources about Plaintiff. As a direct result

of these complaints, Plaintiff was issued a Final Warning, and then ultimately terminated for these complaints.

46. Mr. Valdes' actions occurred after Plaintiff issued Mr. Valdes a Final Warning. He made it clear by his actions that he did not want to work for a Hispanic female.

47. Dr. Brown then terminated Plaintiff without investigation or allowing Plaintiff to comment on the accusations.

48. By comparison, David Lee (Caucasian, male), Executive Director of Enrollment Student Services, visibly lacked effective communication skills and had poor leadership skills, but was not terminated.

49. Plaintiff's gender was a motivating factor in Defendant's decision to terminate her on February 27, 2012.

50. Plaintiff's termination was a direct and proximate result of Dr. Brown's prejudice against Hispanic, female supervisors.

51. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

52. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Also, Plaintiff believes that Defendant through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Dr. Brown and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff AHIXZA PEGUERO requests that:

a) The Court grant Plaintiff judgment award Plaintiff judgment against Defendants to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

b) The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c) The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT FOUR: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

53. Plaintiff re-avers and re-states paragraphs 1–22, above, as though the same were fully re-written herein, and says:

54. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, based on her race, national origin, and gender.

55. Plaintiff was subject to adverse employment action (termination) based on her race, national origin, and/or gender. When Plaintiff was terminated on February 27, 2012 by Dr. Brown, Defendant affected Plaintiff's compensation, terms, and conditions, or privileges of Plaintiff's employment.

56. As a result of the discriminatory actions of Defendant, Plaintiff has suffered emotional distress, lost wages, and other damages.

57. Defendant failed violated the FCRA by terminating Plaintiff on the basis of her race, national origin, and/or gender based on unfounded allegations. Defendant did not afford Plaintiff the opportunity to defend herself or respond to the allegations, though Defendant afforded that opportunity to non-Hispanic and/or non-female Directors.

58. At all times, Defendant was aware of its failure to provide Plaintiff with the same opportunities it provided other Directors and Defendant was aware of Plaintiff's race, national origin, and gender.

59. Defendant treated Plaintiff less favorably than non-Hispanic Directors, male Directors, and non-Dominican/Lebanese Directors.

60. As a direct and proximate result of Defendant's willful actions, Plaintiff has suffered emotional distress and other compensatory and actual damages, and has been compelled to retain the services of counsel to represent her on this matter.

61. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages and benefits, pursuant to the provisions of the FCRA.

62. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Also, Plaintiff believes that Defendant through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Dr. Brown and/or

other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

63. Defendant's stated reason for terminating Plaintiff was pretextual.

WHEREFORE, Plaintiff AHIXZA PEGUERO requests that:

a. The Court grant Plaintiff judgment award Plaintiff judgment against Defendants to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

b. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

c. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, AHIXZA PEGUERO, hereby demands trial by jury for all issues and counts of this Complaint so triable as a matter of right.

Dated: January 25, 2013.

/s/ Charles Eiss
CHARLES M. EISS, Esquire
Fla. Bar No.: 612073
Icelaw21@aol.com
LINDSAY M. TIMARI, Esquire
Fla. Bar No.: 92098
Ltimari@yahoo.com
Law Offices of Charles Eiss, P.L.
Attorneys for Plaintiff
8211 W. Broward Boulevard
Suite 360
Plantation, Florida 33324
(954) 812-9513 (Telephone)
(954) 473-4907 (Facsimile)